CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBIN LOVITT, | ) | Civil Action No. 7:09-cv-00442 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Presently before the court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The named petitioner is Robin Lovitt, but another inmate ("next friend") filed the petition on Lovitt's behalf. The next friend lists petitioner's place of confinement as "unknown by exactness by this said attorney but known to be housed in [the] Virginia Department of Corrections." (Pet. 1.) In response to several questions in the petition, the next friend asserts that he is the "alleged representative" for petitioner to file this § 2254 petition. The petition requests as relief, <u>inter alia</u>, the immediate release from custody. The next friend signed both signature lines for the attorney and for the petitioner. (Pet. 15.) The next friend wrote the following in response to the question, "If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition":

> [The next friend] is a[n] Arlington County Virginia native like Robin Lovitt. [Lovitt] is not signing this habeas corpus noting Equal Protection by Art[icle] 1-9-2 because he has migrated and imported to another state standing by [the] Virginia Department of Correction[s] and the right of a continuing correspondence was killed [by] prison rule[s].

(Pet. 15.)

A habeas petition must be signed under penalty of perjury by the petitioner or by someone acting in his behalf, commonly known as a next friend. 28 U.S.C. § 2242; Rule 2(c)(5) of the Rules Governing § 2254 Cases. A next friend is defined as "[a] person who appears in a lawsuit

to act for the benefit of an incompetent or minor plaintiff, who is not a party to the lawsuit and is not appointed as a guardian . . . ." Black's Law Dictionary (8th ed. 2004). "A next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) (citing Morgan v. Potter, 157 U.S. 195, 198 (1895)). Next friend standing is not automatically granted to the person seeking to pursue an action on behalf of another. Id. The necessary condition for "next friend" standing requires the proposed next friend to show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Id. at 165. The next friend must also "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. . . ." Id. at 163. The court does not have jurisdiction to consider a habeas petition that is not filed by the petitioner unless the next friend requirements are met.

In this case, the next friend's sole reason for petitioner's missing signature appears to result from the petitioner's transfer away from the next friend's penal institution and a prison rule prohibiting correspondence between the two inmates. Therefore, the next friend fails to meet the requisite showing under Whitmore to prosecute this habeas action on behalf of the petitioner, the petition is not properly filed, and the court does not have jurisdiction to consider it. Accordingly, the court dismisses the petition without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 25th day of November, 2009.

/s/ James C. Turk
Senior United States District Judge

2